[Civ. No. 905. Second Appellate District.—March 16, 1909.]

OTIS ELEVATOR COMPANY, a Corporation, Respondent, v. E. R. BRAINERD, Appellant.

MECHANICS' LIENS—COMPLETION OF BUILDING—ELEVATOR AND ENGINE—PREMATURE NOTICE BY OWNER—TIME FOR NOTICE OF LIEN.—When it clearly appears that the entire installation and equipment of an elevator and engine, according to the plans and specifications, was necessary in order to complete the building, and it appears that the same was not finished until about two months after the filing of the notice of completion by the owner, such filing was premature, and could not limit the time within which the elevator company, as a subcontractor, was required to file its notice of lien.

Id.—Statement of Terms and Conditions of Contract.—*Held,* that the notice of lien contained a true and correct statement of the terms, time given and conditions of the subcontract for the installation of the elevator; that such contract did not include the preliminary work of excavation done by the contractor, nor was the lien void because the subcontract made no specific mention of specifications included in the original contract, when the subcontract included it in general terms.

Id.—Delay in Completion of Elevator Caused by Defendant's Agent.—When the delay in the completion of the elevator was caused by plaintiff's agent, he cannot claim that work required by the specifications to make the elevator lawful was a trivial imperfection.

Id.—Findings—Support of Judgment—Foreclosing Lien—Amount in Hands of Owner Immaterial.—Where the findings are sufficient to support the judgment foreclosing the lien, it is not material to find what amount is left in the hands of the owner that is due to the contractor. The lien claimant is entitled to the benefit of the thirty-five day payment, which the owner cannot diminish to his injury, and is required to retain for the benefit of lien claimants.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Scarborough & Bowen, for Appellant.

Jones & Weller, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment and an order denying a new trial.

The trial court finds that the defendant entered into a valid contract with Graham & Eaton, for the construction of a building according to certain plans and specifications. Plaintiff as subcontractor entered into a contract with the original contractor for the installation of an elevator and engine according to such plans and specifications, and was to be paid for as follows: One-half on delivery of engine, one-fourth on the completion and acceptance of said elevator, one-fourth thirty-five days after completion and acceptance thereof. That plaintiff furnished all materials and labor and com-

pleted the installation of said elevator and engine on or about December 15, 1905. Defendants Graham & Eaton paid all the contract price except the thirty-five day payment, which remained unpaid. That within ninety days after completion of the building plaintiff regularly filed its notice of lien as required by the statute; that no notice of completion after actual completion was ever filed and recorded by the owner; that when said notice of lien was filed the defendant had in his hands a sum applicable to the payment of liens more than sufficient to liquidate plaintiff's claim. A decree of foreclosure was accordingly entered by the court.

There can be no question but that the findings in the record support the judgment. The only matter to be considered is as to the correctness of the findings. It is in evidence that a notice of completion was filed and recorded by the owner on October 28, 1905. It is also in evidence that the installation of the elevator in accordance with the specifications was a prerequisite to the completion of the building. That when said notice was filed the open front of the elevator hatchway with the doors, styled "the grille," as well as the annunciator, had not been put in the basement floor, and without which grille it was unlawful under the ordinances of the city to operate the elevator; that the delay in completing the elevator in this regard was occasioned by the action of the architect of defendant, who requested plaintiff to omit such grille work in the basement until an opportunity was afforded to confer with the city officials as to the character of grille work necessary to satisfy an ordinance of the city. By reason of this request the grille work for the basement was not ordered by the agent of plaintiff at the time that he ordered the other materials. Nothing further was said between the parties about this grille work, "except that plaintiff was to finish the elevator as originally intended." The work connected with the grille in the basement would require the work of two men two days and would cost $75 to $80. The cost or time required to put in place the annunciator, which could not be placed or the wiring done until after the grille work was completed, is not made to appear. The architect testifies that when the elevator was completed he inspected it and notified plaintiff that it was all right. This was done the latter part of December, 1905. The contract provided for

completion payment upon acceptance, and this completion payment is shown to have been made after December 11, 1905. That before the elevator was completed the owner desired to occupy the building and use the elevator, and the agent of plaintiff said it would be all right with him to use it before completion, if the city authorities would consent; that the elevator inspector, while it was illegal, gave a special permit to use the elevator pending its completion. The occupation of the building by the owner is shown to have been by permission, rather than under a claim of completion. The agreement between the plaintiff's agent and the architect-agent of defendant clearly demonstrated that the incomplete character of the structure was conceded by all parties when the owner assumed control. To say that the occupation by the owner was notice of completion, in the face of the contract between plaintiff and the contractor which provided that the completion payment should not be made until acceptance, which acceptance is clearly shown to have been refused until December, and that such occupancy was by express consent of plaintiff subject to its right to proceed with the completion, would be to say that there was no time within which plaintiff could assert a lien. It is thus to be seen that there was evidence tending to show that the work of construction under the contract was not substantially completed, nor by either party deemed completed, at the time of filing and recording of the notice of completion. Hence, the same was premature and afforded defendant no protection as to limiting the time for filing claims of lien, and sustains the finding of the court to the effect that after completion no notice was filed.

Appellant contends that the claim of lien filed by plaintiff was void because, under the evidence, it was shown that it did not contain a true statement of the terms, time given and conditions of the contract. The claim that the contract for installation of an elevator of necessity included the work of excavation preliminary thereto, which was performed by the original contractor, is without merit. Neither will the lien be held void because in the contract between plaintiff and the contractor no specific mention is made of grille work in the basement, while the same was provided for in the original contract. The contract of plaintiff provided that it was to furnish all inclosures. It affirmatively appears that this grille

work in the basement was included therein and formed a material and necessary part of the inclosure and installation, and the contract was so construed by all parties. The fact appearing that the delay in completion was the fault of the owner by reason of his agent's acts and representations is a factor to be considered when defendant urges that the delay may have occasioned a loss to the owner, by reason of which the work remaining to be done after October should be deemed trivial imperfections. If any loss occurred by reason of the delay it was clearly shown to be occasioned by the owner's authorized agent, and not by the plaintiff.

We find no material difference between the terms of payment as stated in the contract and the claim of lien, and the statute was complied with as to the statements required in such notice.

The other findings having support from the evidence, it is unnecessary to determine whether or not the finding of the court with reference to the amount remaining unpaid in the hands of the owner was an accurate statement. The lien claimant was entitled to have the thirty-five day payment, which was far in excess of its claim, retained; nor could the same be paid by the owner to the prejudice of a valid lien claimant, and such finding is not necessary in support of the judgment.

We see no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.